THE NORTHWESTERN BENEVOLENT AND MUTUAL AID ASSOCIATION

*v.*

JOHN W. PRIMM.

*Filed at Springfield March 28, 1888.*

1.  CONTINUANCE—*want of diligence.*  The only excuse for having taken no steps to procure the attendance of witnesses in a case, or for not having taken their depositions, was an agreement to take depositions before a stenographer, and have him write out the testimony without being signed by the witnesses.  The affidavit showed that after the testimony of several witnesses had been so taken, plaintiff's attorney refused to proceed further until the pleas were filed.  The defendant failed to file pleas until required by rule of court, in term time, and took no steps to take further depositions, by notice or otherwise:  *Held,* that there was no such diligence as entitled the defendant to a continuance under the statute.

2.  SAME—*absence of counsel.*  On application for a continuance, one of the counsel filed an affidavit showing that he was the only one of those associated in the case familiar with the facts, that the case was a complicated one, and that he was engaged as counsel in another court, in a case of great importance, set for the same time, which it would take two days to try.  The court refused to continue, but set the case for trial on a day subsequent to his engagement in the other court, on which day another motion for a continuance was made, which was also denied, and the cause tried two days later:  *Held,* that the applications for continuance were properly refused.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Logan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. McNULTA & WELDON, and Mr. HAMILTON SPENCER, for the appellant.

Messrs. BLINN & HOBLITT, and Mr. JOHN L. BEVAN, for the appellee.

Per CURIAM:  The question here presented arises upon the overruling of the motions for continuance by the circuit court. This suit was brought upon the certificate of membership in appellant association, by which the sum of $3000 was payable

to appellee, as beneficiary, upon the death of his wife, Laura L. Primm, the member insured. The suit was brought and declaration filed on the 25th of June, 1885, returnable to the September term, 1885, of the Logan circuit court. The appearance of the defendant below (appellant here) was entered. Under a rule of court, pleas were filed September 23, the cause tried on the 30th of the same month, and judgment rendered on the verdict October 7, 1885. On the 23d of September, appellant moved the court to continue the cause to the next term, and filed in support thereof the affidavits of its solicitor, and its adjuster, Lambert. The affidavit of the solicitor stated that he had had charge of the case for the defendant, and was familiar with the facts, while none of his associates were, and that his attendance was necessary to the proper trial of the case, etc.; that he was engaged as counsel in an important case in the McLean circuit court, set for trial that day, in which some fifty witnesses had been subpœnaed, and the trial of which would consume two or more days; that his presence was necessary to the proper trial of each of said cases; that he could not attend, for this reason, on the trial of this cause on September 25, and showing, that by reason of the complicated facts of this case, no other counsel could, in the time available, so familiarize himself as to secure a fair trial to appellant. The affidavit of the adjuster, Lambert, was to the effect that the defendant could not safely proceed to trial because of the absence of Frank L. Sabin, and others named, by whom defendant expected to be able to prove false representations, set out as to the health and physical condition of the insured, prior to and at the time of the application for the certificate sued on.

It is not seriously questioned, but that the facts expected to be proved by the absent witnesses, as set forth in the affidavit, were material upon the issues made by the pleadings. No effort is shown to have been made to procure the attendance of these absent witnesses, or to take their depositions. It is

sought, however, to excuse the want of diligence by the statement that appellant's appearance was entered by his attorney upon the verbal agreement with plaintiff's attorney that the evidence of each party might be taken before a stenographer, and written up by him, the signatures of the witnesses being waived, and the evidence thus taken should be used as if taken by deposition; that in pursuance of this agreement, about June 25, 1885, the testimony of a number of witnesses was taken, and appellant's attorney had arranged for taking others, when appellee's attorney refused to proceed further, under this agreement, until after the filing of pleas to the declaration, for the reason that he, as attorney for plaintiff, desired to know on what points evidence would be necessary, and that he might intelligently cross-examine witnesses; and thereupon the taking of testimony was suspended, and plaintiff's attorney was notified that pleas would be filed within the rules of the court.

In this application for continuance, no reason is shown, or attempted to be shown, why pleas might not have been filed at once; nor is it pretended that there was any agreement, by which, after the filing of pleas, under the rule, the cause should be continued for the taking of testimony. Appellant's attorney must have known, from the scattered condition of its witnesses, as disclosed, that such continuance would be necessary if the pleas were withheld until the term. Appellant chose to withhold its pleas, and also to abstain from taking testimony, on notice or otherwise, until the coming on of court. We think no such diligence was shown as entitled appellant to a continuance, under the statute; nor do the facts disclosed constitute any legal excuse for appellant's failure to prepare for trial. So much of the application as related to the inability of counsel to be present in the Logan circuit court, was addressed to the sound discretion of the court, and the court very properly overruled the motion for continuance, and set the case for a day beyond which, as appeared from the affidavit, the professional engagement of the attorney would necessitate

his absence from said court, the cause being set by the court for the 28th of September. On the 28th another motion was made for continuance of the cause, by defendant, based upon the affidavits of the same parties, that of the solicitor setting up more in detail the principal facts relied upon on the first application,—which motion was also overruled by the court.

There is nothing shown in the second application to have occurred subsequent to the first application, authorizing a continuance. Everything set up as grounds for a continuance existed at the time of the application first made. It has been repeatedly held by this court, that amendments to affidavits for continuance will not be allowed. The practice is unwarranted by any decisions of this or other courts, of which we are aware. Second applications for continuance, for the same ground relied upon in the first, or which existed at the time of such application within the knowledge of the party making it, so far as we know have never been permitted. This question was before this court in *Stockley, Admr.* v. *Goodwin,* 78 Ill. 127, where it was said: "Such a practice would, in effect, be allowing an affidavit for a continuance to be amended, which has never been permitted by any court of which we have any knowledge."

In the second affidavit of the solicitor, the fact that he was a receiver of a railroad, and would be required to attend upon the United States court, is set up. This, and other matters of a kindred nature, were addressed to the discretion of the court, and we are not prepared to say that there was any abuse of the discretion in overruling the motion. It is apparent that the attorney of appellant knew of his engagements, and of the probable necessity of his attention to them, in ample time to have permitted other counsel to have become familiar with appellant's case and prepared it for trial.

Upon the coming in of the second application the cause was further postponed until the 30th of September, when it was tried; and it is not apparent, from the showing, that appel-

lant's solicitor and his associates could not have been present;
nor does it appear, in any way, that they were not present
conducting appellant's defence, nor that any application was
made for further postponement of the case until a later day
in the term.

The judgment of the Appellate Court will therefore be af-
firmed.

*Judgment affirmed.*