ALFRED B. STOCKLEY, Admr.

*v.*

WILLIAM GOODWIN.

1. CONTINUANCE—*attorney in legislature.* Where an affidavit for the continuance of a cause on the ground that the party's attorney was in attendance in the legislature as a member thereof, fails to show that the attorney was employed in the case prior to the commencement of the session of the legislature, it will not entitle the party to a continuance.

2. SAME—*second application for same cause not allowed.* The practice will not sanction a second application to continue a cause made at the same term, and based upon the same state of facts as the first.

3.  ACTION—*when contract abandoned by mutual consent, a recovery may be had for services performed.*  Where the plaintiff moved into the house of a party under an agreement to work such party's farm, and take care of him as long as he lived, in consideration of which, such party was to leave the plaintiff his property by will, and continued to work under this contract for about eight months, when, owing to a misunderstanding, the plaintiff left the house, but continued to work the farm, and such party, prior to his death, devised his property to another: *Held*, in a suit against the estate, to recover for the services, that the jury were warranted in finding that the contract had been abandoned by consent, and in finding for the plaintiff the value of his services.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

This was a claim originally presented by William Goodwin against the estate of Isaac Young, deceased, for services. The claim was allowed by the county court, and the administrator of the estate appealed the cause to the circuit court. On a trial in the latter court, the jury found in favor of the plaintiff, in the sum of $247. The plaintiff remitted $31, and the court rendered judgment for the balance against the administrator, to be paid in the due course of administration. From this judgment the administrator appealed.

Mr. B. B. SMITH, and Mr. J. DONOVAN, for the appellant.

Messrs. BRYAN & KAGY, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The first question presented by this record arises upon the decision of the circuit court in overruling appellant's motion for a continuance, entered on the first day of the term.

The motion was made under section 47, Revised Statutes of 1874, page 780, which provides for a continuance of a cause under certain circumstances, where the party, or his attorney, may be a member of the legislature.

The affidavit filed failed to state that the attorney, who was a member of the legislature, had been employed in the cause.

prior to the commencement of the session, as required by section 48 of the act, and for this reason the court properly overruled the motion for a continuance.

On the 4th day of the term, appellant entered another motion for a continuance upon the same ground, and filed an affidavit, in substance, as required by the statute. This motion was also overruled.

We are aware of no practice which would sanction a second application to continue a cause, made at the same term of court, and based upon the same state of facts. Such a practice would, in effect, be allowing an affidavit for a continuance to be amended, which has never been permitted by any court of which we have any knowledge.

It is urged by appellant that the court erred in modifying his instructions one and two, and in giving appellee's instructions one, five and six.

This action was instituted by appellee against the estate of Isaac Young, deceased, to recover for one year's labor performed for Young in his lifetime.

It is clear, from the evidence, that appellee labored from the spring of 1870 to the spring of 1871 for Young, and that his work was worth $18 per month, which would make the amount for which judgment was rendered in the circuit court.

The controverted question is, whether appellee, in view of the arrangement under which the work was done, is entitled to recover.

The testimony shows that, in the spring of 1870, appellee moved into the house of Young, and undertook to work the farm, consisting of forty acres, and take care of Young so long as he should live, in consideration of which, Young agreed to will appellee his property. After appellee had worked about eight months, a misunderstanding arose between the parties, and appellee moved to another house, and left the house of Young, but he continued to work for Young until the year expired, when it appears an arrangement was made

9—78TH ILL.

by which appellee again moved into the house of Young, and remained there until the spring of 1874, cultivating the farm for a share of the crops.

Young did not will his property to appellee, but devised it to a son of his first wife.

We see no reason why the jury was not warranted in arriving at the conclusion that the arrangement first entered upon by the parties was abandoned, and if that be true, the right of appellee to be rewarded for his services is beyond dispute. After eight months' labor had been performed, and appellee and his wife left the house of Young, it is unreasonable to believe that either appellee or Young regarded the original arrangement in force, and yet appellee continued to work for Young until the year expired.

If appellee had abandoned the contract without the consent of Young, at the end of eight months, it is not at all probable that he would have continued to work four months longer, with the fact before his eyes that he could recover nothing for his labor.

The facts before the jury all tended to establish the proposition that the original arrangement was set aside by the mutual consent of the parties. Such being the case, the jury could do nothing less than award to appellee the amount his labor was reasonably worth.

In this view of the case, even if the instructions were technically inaccurate, they did no harm, as the verdict was right upon the evidence.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*