[No. 14767.    Department One. — August 31, 1892.]

NERI B. WHITTAKER, APPELLANT, *v.* THE COUNTY OF TUOLUMNE, RESPONDENT.

QUIETING TITLE — ACTION AGAINST COUNTY — ADVERSE CLAIM — LICENSE · TAX, — An action will not lie, under section 1050 of the Code of Civil Procedure, against a county for the purpose of determining an adverse claim which it is alleged the defendant makes against the plaintiff for a sum of money under an ordinance imposing a license tax upon persons engaged in certain businesses, which ordinance the plaintiff claims is void.

ID. — UNAUTHORIZED ACTION — POLITICAL SUBDIVISION OF STATE — STATUTORY CONSTRUCTION — EFFECT OF GENERAL LANGUAGE. — The state and

its political subdivisions cannot be sued except as specially authorized by statute; and general language creating new remedies or prescribing procedure does not authorize such an action.

APPEAL from a judgment of the Superior Court of Tuolumne County.

The facts are stated in the opinion.

*Maxwell & McEnerney*, and *Mesick, Waters & Maxwell*, for Appellant.

*J. H. Budd, F. P. Otis*, and *Wheaton, Kalloch & Kierce*, for Respondent.

TEMPLE, C. — This action was brought for the purpose of determining an adverse claim, which it is alleged the defendant makes against the plaintiff for two hundred dollars, under an ordinance imposing a license tax upon persons engaged in the business of raising, grazing, herding, and pasturing sheep.

Plaintiff contends that the ordinance is void, and the defendant's claim against plaintiff and the license tax unfounded, and he asks for a judgment so declaring.

The right to maintain such an action is supposed to be found in section 1050 of the Code of Civil Procedure, which reads as follows: "An action may be brought by one person against another for the purpose of determining an adverse claim which the latter makes against the former for money or property upon an alleged obligation, and also against two or more persons for the purpose of compelling one to satisfy a debt due to the other, for which plaintiff is bound as a surety."

This section does not support the contention. The state and its political subdivisions cannot be sued except as specially authorized by statute, and general language creating new remedies or prescribing procedure have never been held to authorize such actions. (See *Mayrhofer* v. *Board of Education*, 89 Cal. 110, where the subject is discussed and numerous cases cited.)

I think the suit ought to have been dismissed with

costs, but as the judgment is only that the defendant recover its costs, I advise that it be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

GAROUTTE, J., HARRISON, J., PATERSON, J.