[S. F. No. 10,210. In Bank.—May 16, 1922.]

## MARIN MUNICIPAL WATER DISTRICT, Petitioner, v. CHARLES J. CHENU, etc., Respondent.

[1] MOTOR VEHICLES — PAYMENT OF LICENSE FEES — EXEMPTION OF MUNICIPAL WATER DISTRICTS—CONSTRUCTION OF ACT.—A municipal water district owning motor vehicles used exclusively in the discharge of its public duties has the right to have issued to it the necessary licenses, certificates, and license plates required by the Motor Vehicle Act from persons operating and owning motor vehicles, without payment of the prescribed fees, since section 2 of such act specifically excludes all motor vehicles that are not used for the conveyance of persons for hire, for pleasure or for business, and motor vehicles thus used are not used in "business" as that term is used in such section.

APPLICATION for a Writ of Mandate to compel the issuance of automobile license plates and certificates. Granted.

The facts are stated in the opinion of the court.

George H. Harlan for Petitioner.

U. S. Webb, Attorney-General, for Respondent.

SHAW, C. J.—The plaintiff applies to this court for a writ of mandate directing the defendant, as chief of the division of motor vehicles of the department of finance of the state of California, to issue to the plaintiff certain license plates, with the accompanying certificates, such license plates to be attached to certain automobiles owned by the plaintiff, as required by the Motor Vehicle Act. The plaintiff is a municipal water district, organized under the act of May 11, 1911, and amendments thereto. (Stats. 1911, p. 1290; Stats. Ex. Sess. 1911, p. 92.) By the act of April 6, 1915, the organization of said district was declared valid and it was declared to be duly created as a public corporation. (Stats. 1915, p. 84.) The plaintiff has constructed and completed a large water collecting, storing, and distributing system, and is operating the same in accordance with said act, by collecting, selling, and distributing water to the inhabitants of the district and others. In carrying out its public duties and obligations under the act, as required, it is necessary for it to use thirteen motor vehicles, all of which are used exclusively by it in the discharge of its public duties. It applied to the defendant for the necessary licenses, certificates, and license plates, as required by the Motor Vehicle Act from persons operating and owning motor vehicles. The defendant refused to issue the licenses, certificates, or plates except upon the payment of the license fees prescribed by the Motor Vehicle Act, amounting to $133.60, whereupon the plaintiff began this proceeding in *mandamus*.

Section 3 of the Motor Vehicle Act (Stats. 1915, p. 400) provides that "every owner of a motor vehicle which shall be operated or driven upon the public highways shall" cause the same to be registered with the motor vehicle department

and shall deposit with his application for a certificate "the proper registration fee as provided in section 7 of this act." Section 7 of the act (Stats. ·1919, p. 198) specifies the fees to be paid to the motor vehicle department upon the registration of such motor vehicle. It is conceded that the amount demanded by the defendant was the proper amount for the vehicles belonging to the plaintiff, if the plaintiff is liable therefor. The section also provides that a number plate shall be given to the person registering the vehicle upon the payment of such fees. Section 8 (Stats. 1919, p. 199) provides that a certificate of registration shall also be issued by the motor vehicle department showing the name of the registered owner and other particulars.

The act further provides that all moneys received by the department from such license fees shall be paid into the state treasury to the credit of a fund designated as the motor vehicle fund; that one-half of said fund shall be paid to the counties from which the moneys were received, as determined by the residence of the persons paying the same, for the benefit of the road funds of such counties; that the other one-half, after deducting certain moneys for the expenses of the department, shall be expended by the state department of engineering for the maintenance of roads, highways and parks in this state. It will be seen, therefore, that the moneys are to be used for public purposes and that the license fees are in the nature of a tax. (*Madera* v. *Black,* 181 Cal. 310 [184 Pac. 397].)

The claim of the plaintiff is that it is a public corporation, municipal in character, established and organized for the purpose of carrying on within the district the public service of furnishing water to the public; that it is a state agency for that purpose, and that under the well-established rule that words in a statute providing for the payment of fees or imposing burdens on property shall not be deemed to apply to public agencies or public property, unless such intent is clearly expressed, the language of this act providing for the payment of license fees cannot be considered as having been intended to include or apply to water districts organized under the act first referred to. This doctrine has been frequently expounded and applied in this state (*Balthasar* v. *Pacific Elec. Ry. Co.,* 187 Cal. 302 [19 A. L. R. 452, 202 Pac. 37]), where it was held that the

provisions of the Motor Vehicle Act did not apply to or include motor vehicles belonging to the fire and police departments of municipalities of the state.   Other illustrations of the rule are found in the citations and quotations made in that case.

The defendant claims that the rule is inapplicable in this case because of the provisions of section 2 of the Motor Vehicle Act.   This section provides that: "All motor vehicles owned and used in the transaction of official business by the representatives of foreign powers or by officers, boards or departments of the government of the United States, and all motor vehicles owned by and used in the operative work of such corporations as are taxed solely for state purposes under the provisions of the constitution of this state, and such self-propelling vehicles as are used neither for the conveyance of persons for hire, pleasure, or business, nor for the transportation of freight, are hereby exempted from the payment of the fees in this act prescribed.   The department shall furnish, free of charge, distinguishing plates for motor vehicles thus exempt."

The claim is that by this specification of vehicles which are to be exempt the statute evinces an intention to exclude all other vehicles and persons from the exemption.

[1] We think that section 2, instead of justifying the position of the defendant, is positive evidence against the same.   It excludes specifically all motor vehicles that are not used for the conveyance of persons for hire, for pleasure or for business.   There is a companion rule of construction to that above mentioned, to the effect that exceptions in a statute imposing burdens are to be liberally construed in favor of the public.   Even without the aid of this rule, however, we think a motor vehicle owned and used by a municipal water district organized under the law for the purpose of collecting and distributing water to the public, and for the management of its works and system in discharging its public duties is not used in "business" as that term is used in section 2 aforesaid.   The municipal water district is not a commercial corporation.   It does not operate for profit.   It is not intended that it shall earn any money in excess of the necessary operating expenses of the plant devoted to the public use and for the acquisition of property necessary thereto.   While the operations of such a public

corporation are sometimes referred to as its "business," it is nevertheless true that the context indicates that the word was used in a narrower meaning in this section. The general definition of the word is "that which busies, or engages time, attention, or labor, as a principal serious concern or interest," but the word has a narrower meaning applicable to occupation or employment for livelihood or gain, and to mercantile or commercial enterprises or transactions. It is not to be presumed that the legislature undertook to place public corporations of this character in the same class as private corporations engaged in ordinary business. The rule of construction we have already referred to forbids it. The passage evidently refers to ordinary business and not to the operations of the public corporations of the state. The phrase "for the conveyance of persons for hire, pleasure, or business, nor for the transportation of freight," clearly indicates an intention to describe ordinary occupations engaged in by private persons or private corporations, either for business or pleasure, and so far as it refers to business it would include private business and not public business. If the word "business" was given the broader meaning contended for by the defendant it would require the imposition of the license fees upon every municipality in the state and even the state itself, as a condition precedent to the issuance of license plates and certificates for the operation of all the motor vehicles used by any of them in the public business of the state.

For these reasons we are of the opinion that the motor vehicle department must issue these license plates and certificates to the petitioner for the motor vehicles in question without charging the statutory fee therefor.

Let the writ issue as prayed for.

Lennon, J., Wilbur, J., Shurtleff, J., Lawlor, J., Sloane, J., and Richards, J., *pro tem.,* concurred.