[Civ. No. 6673. Third Dist. July 1, 1942.]

HOWARD R. PHILBRICK, as Director of Motor Vehicles, etc., et al., Respondents, v. STATE PERSONNEL BOARD OF THE STATE OF CALIFORNIA et al., Appellants.

Freitas, Duffy & Keating and Ivan C. Sperbeck for Appellants.

Earl Warren, Attorney General, and Wilmer W. Morse, Deputy Attorney General, for Respondents.

ADAMS, P. J.—This is an appeal from a judgment of the Superior Court of Sacramento County, ordering the issuance of a peremptory writ of mandate requiring the State Personnel Board of the State of California, its respective members and its executive officers to strike from the official roster of persons holding positions under the State Civil Service Act maintained by them, the name of respondent Benjamin Hartwell, and a certain entry with respect thereto; to strike the name of said Benjamin Hartwell from the departmental reemployment list for the Department of Motor Vehicles maintained by them for the class of squad captain, California Highway Patrol, and to certify to petitioners the names of three persons standing highest on the eligible list maintained by them for the class of squad captain, California Highway Patrol, who had indicated their willingness to accept appointment to the position of squad captain, California Highway Patrol, at Fresno, California.

The petition for the writ was filed on February 15, 1940. The allegations thereof, all of which with one exception not pertinent here, the trial court found to be true, were: That

at all times since January 18, 1940, a vacancy had existed in the California Highway Patrol at Fresno, California, a state civil service position; that on or about that date petitioners submitted to the State Personnel Board (hereinafter called the Board) a statement of the duties of the position, the necessary and desired qualifications of the persons to be appointed, and a request that the names of persons eligible for appointment to the position be certified to petitioners; that the Board thereafter allocated said positions to the class of squad captain, California Highway Patrol, in the personnel classification plan of the State of California, and on January 29, 1940, certified to petitioners the name and address of respondent Benjamin Hartwell for appointment thereto; that Hartwell had no civil service status and no eligibility for such certification by reason of facts set forth; that, notwithstanding such ineligibility, the Board had placed his name on the Departmental Reemployment List, and that this action was arbitrary and in abuse of discretion because of Hartwell's lack of eligibility, and also because any cause of action to have his name placed on the list which Hartwell might have had at some previous time was barred by various statutes of limitation and by his laches at the time his name was placed on the list by the Board; that since January 18, 1940, Hartwell's name had been the only one on the departmental reemployment list, that no other names had been on either the promotional eligible list or the reemployment list, but that at all times there had been names of persons available on the eligible list for said class, willing to accept appointment to such vacancy at Fresno; and that petitioners had, prior to the commencement of this action, demanded of the Board the relief sought to be obtained by the writ. It was prayed that the Board be required to strike the name of Hartwell from the official roster of persons holding positions under the State Civil Service Act and from the departmental reemployment list for the Department of Motor Vehicles maintained by them for the class of squad captain, California Highway Patrol, and that it certify to petitioners the names and addresses of three persons standing highest on their eligible list of such class of squad captain, who had indicated their willingness to accept appointment to such position.

Respondents therein demurred generally to the petition and set up also that the relief prayed for was barred by sec-

tion 52 of the State Civil Service Act, (Chap. 753, Stats. 1937 as amended), and particularly that it was barred on and after September 17, 1939, and on and after January 3, 1940. They also filed an answer which admitted certain allegations of the petition, denied others, and also alleged that on December 9, 1938, there existed a vacancy in the position of squad captain in Fresno and elsewhere in the state, that on or about said date petitioners had submitted to the Board a statement of the duties of said position and the necessary qualifications of persons to be appointed thereto and a request for the certification of the names of persons eligible for appointment thereto, and that the Board had certified the name of Benjamin Hartwell to them on January 3, 1939. As to petitioners' allegations regarding the ineligibility of Hartwell for certification, same were denied, and it was denied that the action of the Board in placing his name on the departmental reemployment list was arbitrary or an abuse of discretion. They also set up in the answer that the relief prayed for by petitioners was barred on and after September 17, 1939, and on and after January 3, 1940, by section 52 of the State Civil Service Act, *supra.*

Trial by jury having been waived the issues of fact tendered by the foregoing pleadings were tried by the court sitting without a jury. Findings of fact and conclusions of law were filed, respondents' demurrer was overruled, and judgment was entered ordering that a peremptory writ of mandate issue, requiring respondents to strike the name of Benjamin Hartwell from their official roster of persons holding positions under the State Civil Service Act, and from their departmental reemployment list for the Department of Motor Vehicles, for the position of squad captain, California Highway Patrol, and that they certify to petitioners the names and addresses of three persons on their eligible list for the said class of squad captain.

The pertinent facts found by the court are that since March 3, 1939, there had existed a vacancy in the civil service position of squad captain at Fresno; that on January 18, 1940, the petitioners requested certification of names by the Board to fill this vacancy; that in response to such request the Board, on January 29, 1940, certified the name of Hartwell for appointment to such position; that on January 18, 1940, Hartwell's name was, and at all times since had been, the

only name on the departmental reemployment list for the class of squad captain, but that there were names of persons available for appointment on the eligible list for that class; that petitioners refused to appoint Hartwell to the position, demanding that the Board strike his name from the departmental reemployment list (which takes precedence over an eligible list, §§ 91-95, State Civil Service Act, Stats. 1937, chap. 753; Deering's Gen. Laws, 1937, Act 1404), and certify names from the eligible list for appointment to the position.

As to the civil service status of Hartwell the court found that he was ineligible and that the action of the Board in placing his name on the departmental reemployment list for the class of squad captain in the California Highway Patrol, was arbitrary, wholly unsupported by the facts and the evidence, and in excess of the jurisdiction of the Board.

In regard to certain matters set up in the answer to the petition, the court also found that since the 9th day of December, 1938, there had existed a vacancy in the position of squad captain at San Rafael, California (not at Fresno as alleged in the answer), that on December 29, 1938, petitioners had requested the Board to certify names of persons to fill this vacancy, and that in response thereto said Board had certified Hartwell's name; but that no appointment had been made at that time, and that on October 25, 1939, certification for the appointment to this position at San Rafael had been withdrawn and cancelled by the Board.

This appeal is taken upon the judgment roll alone, and the single point raised by appellants is the statute of limitations, to wit: Section 52 of the Civil Service Act as amended by statutes of 1939, chapter 898, which reads as follows:

"No action or proceeding shall be brought by any *person* having or claiming to have a cause of action or complaint or ground for issuance of any complaint or legal remedy for wrongs or grievances based on or related to any civil service law in this State or the administration thereof unless such action or proceeding be commenced and served within one year after such cause of action or complaint or ground for issuance of any writ or legal remedy first arose, nor shall any *such person* be compensated for the time subsequent to the date when such cause of action or proceeding arose unless such action or proceeding is filed and served within ninety days after the same arose; provided, that any such complaint or legal remedy or wrongs or grievances arising prior to

August 27, 1937, shall be exempt from the provisions of this section. The time for filing or commencing any action or proceeding as provided in this section shall not be considered to run during any time that the matter involved is before the board pursuant to petition of the person involved, and final action has not been taken thereon by the board, including appeals taken pursuant to subdivision· (j) of section 172.'' (Emphasis ours.)

Appellants' contention is that petitioners' cause of action first arose in 1938 when the Board placed Hartwell's name on the departmental reemployment list for the class of squad captain in the California Highway Patrol, or, in any possible event, not later than January 3, 1939, when the Board certified his name to petitioners in response to their request for certification of names for the position of squad captain at San Rafael; that petition for writ of mandate was not filed until February 15, 1940, more than one year after the certification of Hartwell for squad captain at San Rafael January 3, 1939, and more than one year after the Board's order of September 17, 1938, and the restoration of Hartwell's name to the reemployment list on October 25, 1938; and that therefore, under the undisputed facts, the instant proceeding is barred by section 52, *supra*.

Respondents herein contend that section 52, *supra*, has no application to proceedings brought by the state or by state officials acting in their official capacity; that the word ''person'' in the said section does not include the state or its agencies, and that the state is not bound by general statutes of limitation; also that while *a* cause of action arose when Hartwell's name was originally certified to fill the position at San Rafael, that that was a different cause of action than the one here sued upon; that the right to receive periodically the names of eligibles for appointment to vacancies as they successively occur is a continuing right, and that the time limitation upon the right to sue for the certification of names for appointment to fill the position at Fresno began to run, if at all, from the time when the filling of that position became necessary and certification of names was requested and refused.

No authorities are cited by appellants in support of their contentions, and they filed no brief in reply to that filed by respondents herein. Also the findings of the trial court do

not show that when Hartwell was certified to respondents on January 3, 1939, any request was made for another and different name. They do show that this certification was withdrawn and cancelled by the Board on or about October 25, 1939, within one year after it was issued.

The questions presented for decision here are, then, does the word "person" as used in section 52, *supra*, include the state and its agencies, and therefore respondents herein, so that the statute of limitation therein contained applies in the instant case, and, if it does so apply, did the time within which petitioners could commence this action begin to run when Hartwell was ordered restored to the civil service list by the Board on September 17, 1938, or when his name was entered on said list on October 25, 1938, or when he was certified by the board to fill a vacancy as squad captain at San Rafael on January 3, 1939, or when he was certified by said Board to fill the position of squad captain at Fresno on January 18, 1940?

In the interpretation of a legislative enactment it is the general rule that the state and its agencies are not bound by general words limiting the rights and interests of its citizens unless such public authorities be included within the limitation expressly or by necessary implication. (*C. J. Kubach Co.* v. *McGuire*, 199 Cal. 215, 217 [248 Pac. 676]; *Skelly* v. *Westminster School District of Orange County*, 103 Cal. 652, 656 [37 Pac. 643]; *Balthaser* v. *Pacific Elec. Ry. Co.* 187 Cal. 302 [202 Pac. 37, 19 A. L. R. 452]; *Whittaker* v. *County of Tuolumne*, 96 Cal. 100 [30 Pac. 1016]; *Mayrhofer* v. *Board of Education*, 89 Cal. 110 [26 Pac. 646, 23 Am. St. Rep. 451]; *Marin Municipal Water District* v. *Chenu*, 188 Cal. 734 [207 Pac. 251]; *Riley* v. *Stack*, 128 Cal. App. 480, 483 [16 P. (2d) 110]; *Berton* v. *All Persons, etc.*, 176 Cal. 610, 617 [170 Pac. 151].)

Accordingly general statutes of limitation are held not to bind the state and its agencies unless they do so expressly or by necessary implication. (*Z. Russ & Sons* v. *Crichton*, 117 Cal. 695 [49 Pac. 1043]; *Davidow* v. *Griswold*, 23 Cal. App. 188, 198 [137 Pac. 619].)

The fact that the state by an express statute has sometimes consented to be bound by certain statutes of limitation in the same manner as in actions by private parties, as for instance, by section 345 of the Code of Civil Procedure of California, only serves to emphasize the rule that it is not so bound un-

less the statute expressly or by necessary implication so provides. Said section 345 has no application here.

Section 52, *supra,* does not expressly provide that the state or its agencies are to be bound by the limitations thereof. Therefore the question arises whether, by necessary implication, it includes them. We believe that it does not. It was said by Associate Justice Story of the United States Supreme Court, in *United States* v. *Hoar,* 2 Mason, 311, 314, Fed. Cas. No. 15373, (U. S. Cir. Ct.) that in general, acts of legislatures are meant to regulate and direct the acts and rights of citizens, and that in most cases, the reasoning applicable to them applies with very different and often contrary force to the government itself; that, therefore, general words of a statute ought not to include the government or affect its rights unless that construction be clear and indisputable upon the text of the act.

In certain cases the courts of this state have held that by necessary implication certain statutes of limitation apply to the state and its agencies. *People* v. *City of Los Angeles,* 93 Cal. App. 532 [269 Pac. 934], and *Miller* v. *Johnson,* 4 Cal. (2d) 265 [48 P. (2d) 956], are illustrative. But we think that there is not in said section 52, *supra,* any such clear and definite expression of an intention to limit the state and its agencies as would remove the provision from the general rule. (*C. J. Kubach Co.* v. *McGuire, supra; Balthaser* v. *Pacific Elec. Ry. Co., supra.*) The implications are rather to the contrary. The section provides that "no action or proceedings shall be brought by any *person* having or claiming to have a cause of action . . . unless such action or proceeding be commenced and served within one year after such cause of action . . . first arose, nor shall any *such person be compensated* for the time subsequent to the ˌdate when such cause of action or proceeding arose unless such action or proceeding is filed and served within ninety days after the same arose." It further provides that time for filing shall not be considered to run during the time that the matter involved is before the Board pursuant to petition of the person involved and before its final action, including appeals taken pursuant to subdivision (j) of section 172. Presumably subdivision (k) of section 172 rather than subdivision (j) was intended, since the former does not pertain to appeals, and the latter does; but both such subdivisions deal with em-

ployees. The inference from the whole of section 52, *supra,* is, therefore, that the section was intended to apply only to the claims of individuals, particularly salary claims of employees or those who have been separated from the service.

Our conclusion being that the provisions of section 52 of the Civil Service Act do not apply to the state and its agencies, and that it is not, therefore, binding upon petitioners (respondents herein), it is unnecessary to determine whether petitioners' cause of action arose on September 17, 1938, the date of the order of the Board ordering Hartwell's name entered upon the civil service roster (which order the trial court found to be invalid), or on January 3, 1939, the date of the certification of Hartwell's name to fill a vacancy in the position of squad captain at San Rafael, (which certification was withdrawn and cancelled by the Board on October 25, 1939,) or on January 29, 1940, the date of the certification of Hartwell's name to fill the vacancy in the position of squad captain at Fresno.

The judgment is affirmed.

Thompson, J., concurred.