[Civ. No. 8248.   Third Dist.   May 26, 1953.]

THE PEOPLE, Appellant, v. CONTINENTAL CASUALTY COMPANY (a Corporation), Respondent.

Edmund G. Brown, Attorney General; Irving H. Perluss and Vincent P. Lafferty, Deputy Attorneys General, for Appellant.

Anderson, McPharlin & Connors and Rowland & Craven for Respondent.

VAN DYKE, P. J.—Plaintiff-appellant, the State of California, brought action against defendant-respondent upon certain bonds executed by respondent in compliance with section 4200 and following, of the Government Code. Among other things, this section provides that bonds of contractors on public works shall contain a provision binding the surety to pay sums falling due under the provisions of the Unemployment Insurance Act if the contractor does not pay them. The complaint alleged that such sums had fallen due and were unpaid. The trial court held that the state's action was barred by the provisions of section 4206 of the Government Code and from the judgment rendered against it this appeal has been taken.

It is not disputed that if said section 4206 applies to the state so as to require that its action be brought within the time therein limited then the action was barred when begun and the judgment of the trial court must be affirmed. It is likewise undisputed that if the section does not apply to the state then the action was begun in time and the judgment appealed from must be reversed.

In construing legislation generally with respect to whether or not the sovereign is bound thereby, it is well settled that to bind the government the statute must expressly declare that it does so or must so declare by necessary implication. Legislative enactments are presumed to speak to the citizen, not to the sovereign. In *Philbrick* v. *State Personnel Board,* 53 Cal.App.2d 222, 228 [127 P.2d 634], it is stated that: "In the interpretation of a legislative enactment it is the general rule that the state and its agencies are not bound by general words limiting the rights and interests of its citizens unless such public authorities be included within the limitation expressly or by necessary implication." And in 16 California Jurisprudence, "Limitation of Actions," section 25, page 414, it is said: "It is settled that the state is not bound by the statutes of limitations, unless made subject to their provisions or restrictions by express words or by necessary implication."

Section 4206 provides as follows: "Suit against the surety or sureties on the contractor's bond may be brought by any claimant, or his assign, at any time after the claimant has ceased to perform labor or furnish material, or both, and until the expiration of six months after the period in which verified claims may be filed as provided in Section 1184e of

the Code of Civil Procedure'' (now Code Civ. Proc., § 1192.1). This section does not create a cause of action or give the right to sue. That is done by the preceding section 4202, which requires the bond and stipulates its provisions when a bond is executed pursuant thereto. Those for whose declared benefit the bond was in part required have a right of action if their demands against the contractor be not met. ▮ Section 4206 is a statute of limitations and nothing more. It fixes the time in which actions may be brought by referring to the time within which ''claims may be filed as provided in Section 1184e of the Code of Civil Procedure.'' It says that claimants may not sue until after they have ceased to perform labor and furnish materials or both and that they cannot sue unless their action is brought within six months after verified claims may be recorded against the contractor as provided in section 1184e of the Code of Civil Procedure. The only claimants to whom these provisions expressly refer are those who furnish labor and material. The state does not. The state is not expressly included in the statute. Nor is it included by necessary implication. Both the statutory pattern and the measure of limitation fit those who furnished labor and material. Neither fits the situation of the state and the state can only be brought within the scope of the limitation by laboring the language thereof. The statute may operate fully without including the state. ▮ We hold the appellant not governed by the section and that its action was timely.

Appellant brought its action to recover the principal amounts due under the Unemployment Insurance Act and the amount sued for included penalty and interest. Reasonable attorney's fees were likewise sought. The trial court passed only on the plea of the statute of limitations. Now appellant asks this court to rule that as a matter of law respondent is liable in this action for the penalty, interest and attorney's fees. The appeal is presented upon an agreed statement and we, therefore, do not have the pleadings before us, but concerning them the statement asserts: ''Liability for all amounts, except those for penalty and interest, having been admitted by answer, subject to the defense of limitations, an additional controversy existed as to liability for such amounts.'' It does not appear from the record here upon what grounds liability for penalty and interest was controverted. Under the circumstances, we think it would be improper for this court upon this record

to go further than has been done, that is, rule upon the question of limitation of action—the sole issue determined by the decision in the trial court.

The judgment appealed from is reversed.

Peek, J., and Schottky, J., concurred.