THE NEW ALBANY AND SALEM RAILROAD COMPANY *v.* HIGMAN.

A person who has a judgment against another for consequential damages to his lands, resulting from the erection of a public work, not touching his said lands, which was carefully and skillfully erected, in accordance with authority duly conferred by the State, can not have such work declared a nuisance, subject to abatement.

APPEAL from the *Tippecanoe* Circuit Court.

HANNA, J.—*Higman* filed his complaint against the appellant, averring that at the previous term, he had recovered a judgment for 1,700 dollars and costs, which remained unpaid, although payment had been demanded, and an execution issued and returned, no property found. That agents of appellants asserted that the same never would be paid, &c. That said recovery was for consequential damages sustained by flowing water back upon the lands of appellee, caused by the obstruction of the natural sluices and channels which formerly carried off the flood water that was wont to be thrown upon said lands. That the embankment of said road which forms said obstruction is a nuisance to the plaintiff by flowing the water upon him in times of flood, &c., causing the same to remain upon him longer than it otherwise would, &c. That damages were not assessed, nor tendered. Prayer that the nuisance be abated, unless said judgment, &c., should be paid. Answer, first, that the defendant was a corporation created by and acting under authority of law, and the embankment was skillfully made, and was necessary, &c.; that the road cost eight million of dollars; that the appellee stood by and saw the same built; and took no steps to prevent the erection of said embankment, although its effects were known to him; that to remove it would damage defendant two hundred thousand dollars. Second: Similar facts, with an addition, that to remove said embankment would injure other persons, owners of lands below, twenty thousand dollars;

and that to have constructed the same by leaving said sluices open, would have injured them five thousand dollars, &c.

Demurrer sustained to this answer. Defendant failing to answer over, the allegations of the complaint were taken as confessed, and judgment that said sums of money be paid by the first day of the next term of the Court, and if not, that the sheriff abate said nuisance by leveling the same, &c.

The constitutional provision relied on, is that "no man's property shall be taken by law, without just compensation; nor, except in case of the State, without such compensation first assessed and tendered."

This property was not *taken* by the defendant. If it had been, the statute of limitations would have been a good answer in bar of the recovery of the judgment now sought to be enforced. See decision in suit between the same parties at this term.

It has been decided that a suit would lie for the recovery of consequential damages, without a resort to the statutory remedy, because the property was not taken. *The Trustees, &c.* v. *Spears*, 16 Ind. 441. Whether the Legislature might not include such damages in a statute requiring the assessment, as in the assessment of damages consequent upon the erection of a mill-dam, &c., we need not decide. 2 R. S. p. 188.

Such damages are not included in any statutory provision requiring assessment and tender, for railroad purposes; and even if the constitutional provision quoted was operative, without a statute, it would not include such damages as were recovered in this instance.

It is averred the work was constructed under authority of law, was necessary, and performed in a careful and skillful manner. Under this authority, and the circumstances set forth, it could not be a nuisance of such a character as would authorize an application for an abatement, for a failure to pay

damages. *The City, &c.* v. *Spencer*, and citations, 14 Ind. 399; *Davis* v. *The Mayor, &c.*, 6 Hill 506; *Adams* v. *Beach, Id.* 271; *Rex* v. *Pease*, 1 Eng. R. W. Cases, 551; *Regina* v. *Scott*, 43 E. C. L. Rep.; *Rex* v. *Morris*, 20 *Id.* 554; 6 Barb. 318; 22 *id.* 414; 12 Vol. New Am. Cly. Article "Nuisance;" *Butler* v. *The State*, 6 Ind. 168; *Depew* v. *The Board, &c.*, 5 Ind. 8.

.Perhaps there may be remedies within the reach of a person, whose land may have been entered upon and appropriated by authority of the sovereign of which a person, situated as this appellee, could not avail himself. This is a question not before us, on which we need express no opinion. All we do decide is: Keeping within the facts pleaded in the case at bar, that a person who has a judgment against another for consequential damages to his lands, resulting from the erection of a public work, not touching his said lands, which was carefully and skillfully erected in accordance with authority duly conferred by the sovereign, can not have such work declared a nuisance subject to abatement. In other words, we do not well see how there can be a legal nuisance; that is, built up in strict conformity with law, and yet obnoxious to the penalty of abatement by the law.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*H. W. Chase, J. A. Wilstach, J. E. McDonald* and *A. L. Roache*, for the appellant.