[Civ. No. 7131. First Appellate District, Division Two.—January 23, 1930.]

RICHARD LIEBMAN, Appellant, v. RALPH V. RICHMOND et al., as Board of Supervisors, etc., Respondents.

Richard Liebman, *in pro. per.,* for Appellant.

Earl Warren, District Attorney, Frank M. Ogden, Assistant District Attorney, and James H. Oakley, Deputy District Attorney, for Respondents.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to abate the courthouse of Alameda County, alleging it to be a nuisance. The defendants appeared and interposed a demurrer to the plaintiff's second amended complaint. The demurrer was sustained without

leave to amend, and from the judgment entered thereon the plaintiff has appealed.

Among other things, it is alleged that Alameda County is a subdivision of the state; that the personal defendants are the supervisors of Alameda County; that plaintiff is an attorney at law, practicing before the courts of Alameda County, and in particular before the courts located in the courthouse; that the courthouse was built in 1868; that it consists of two stories and a basement, and that there is a cupola thereon weighing six tons; that the joists of the floor are rotten; that a portion of the roof is rotten; that the foundations of the cupola are crumbling and giving way; that the stairway is weakened; that pieces of the plaster in the ceiling are constantly falling; that the floor trembles when walked across; that the roof leaks; that the sanitary system is inadequate; that the courtrooms are dark; that the acoustic properties in the courtrooms are poor; that there is no ventilating system in the building, and that the heating system is inadequate.

The defendants assert that this plaintiff should show (1) that his special injury differs, not merely in degree but also in kind, from that sustained by other members of the public, and (2) that it affects either plaintiff's property or his personal enjoyment of a right. Answering that assertion the plaintiff asserts that the very essence of his case is that his right to practice his profession as an attorney at law is property of the highest character (*Cavassa* v. *Off*, 206 Cal. 307 [274 Pac. 523]), and that it is that right which he complains is and will be affected. Continuing, he claims that having made that showing, it is immaterial that there are other attorneys at law who are similarly affected to the same degree or otherwise. (*Lind* v. *City of San Luis Obispo*, 109 Cal. 340, 344 [42 Pac. 437].) But that was an action brought to abate a nuisance *per se*.

The defendants assert that as the courthouse is a public building, built and maintained as a place of business of public agencies created by a sovereign state for the transaction of a part, at least, of the sovereign business, it is not such a public nuisance as the plaintiff may sue to abate. To that contention the plaintiff replies that the sovereign power does not authorize the defendants to maintain a building that is "defective, unsanitary, decayed, deterio-

rated, etc., etc." The defendants reply that the power to build and maintain a courthouse has been vested in the defendant board by the express provisions of the statutes and the building may not be abated as a nuisance. The reply is sound. Section 3482 of the Civil Code provides: "Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance." The courthouse is being maintained by the express authority of the statute. (Pol. Code, sec. 4041.) ██ But it is said the defendants are not doing their duty. If that is true it is not a basis for this action, but may be a basis for a different kind of an action. (Pen. Code, sec. 758.) The defendants cite and rely on *Commonwealth* v. *Reed*, 34 Pa. St. 275 [71 Am. Dec. 661]. That case involved a portion of the Erie canal which was constructed by the state of Pennsylvania. Later defendant purchased. At page 282 the court said: "We should suppose that works of internal improvement, erected at the expense and by the officers of the state, for the benefit of the citizens at large, never could be regarded by the law as a nuisance; for the sovereign authority has expressly intended them to advance the prosperity of the community. If this be so, how is it possible that their character should be entirely altered by being placed in the hands of a private company, with an express requirement that they should be kept up for the purposes of the canal, in order that it may be and remain a public highway? The commonwealth and its agents could not have been indicted, and it seems clear that the company and its officers occupy precisely the same position.

"It would, indeed, be strange, that any legal proceeding could be instituted in a county through which a great public work passes, by which the whole purposes of the improvement might be destroyed, upon the singular allegation, that what has been constructed under the express authority of the legislature, is a great public nuisance."

The case is particularly persuasive as it is one of the authorities on which our code section was based. (See Commissioner's note in Ann. Code 1872.) *Butler et al.* v. *State*, 6 Ind. 165–167; *New Albany & Salem R. R. Co.* v. *Higman*, 18 Ind. 77, 78, 79; 2 Wood on Nuisances, secs. 753, 757 and 758, are to the same effect. Another authority cited by the commissioners is *First Baptist Church* v. *Utica &*

*S. R. R. Co.,* 6 Barb. (N. Y.) 313. At page 318 the court said: "But that which is authorized by an act of the legislature cannot be a nuisance. The reason that a private action will not lie for a common nuisance, unless there be special or particular damage, is not only because of multiplicity of suits, but the king is intrusted with the remedy. (*Iveson* v. *Moor,* 1 Com. (Eng.) 59.) A party having this license from government may be liable *civiliter* for a nuisance of his privileges, on the principle *sic utere tuo ut alienum non laedas,* but not *criminaliter;* nor can the erection be abated as a nuisance. (Sutherland, J., in *Crittenden* v. *Wilson,* 5 Cowen (N. Y.), 167 [15 Am. Dec. 462]; *People* v. *Platt,* 17 Johns. (N. Y.) 195 [8 Am. Dec. 382].) Where a railroad corporation had authority by statute to make a railway on a given line, not deviating therefrom over 100 yards, and within that limit made their track about one rod from an ancient highway, and the horses of travelers were in consequence frightened by their trains, it was held that this interference with the rights of the public must be taken to have been sanctioned and contemplated by the legislature; and that an indictment for a nuisance would not lie. (*Rex* v. *Pease,* 4 B. & Ad. 30.) And there are several authorities bearing upon the same point. (Citing long list of cases.)" (See, also, *Stoughton* v. *State of Wisconsin,* 5 Wis. 291, 297; *Call* v. *Allen,* 83 Mass. (1 Allen) 137, 143; *Butler et al.* v. *State,* 6 Ind. 165–167; *New Albany & Salem R. R. Co.* v. *Higman,* 18 Ind. 77, 78, 79.) The plaintiff cites and relies on *Adams* v. *City of Modesto,* 131 Cal. 501 [63 Pac. 1083], *Peterson* v. *City of Santa Rosa,* 119 Cal. 387 [51 Pac. 557], *People* v. *City of Reedley,* 66 Cal. App. 409 [226 Pac. 408], and *Lind* v. *City of San Luis Obispo,* 109 Cal. 340 [42 Pac. 437]. ▮ Those cases involved nuisances *per se,* but a dilapidated wooden building is not a nuisance *per se.* (46 C. J. 699, sec. 147.) Again those cases involved cities, not counties, and the rights of the plaintiff are not the same. (43 C. J. 956, sec. 1734.) The plaintiff also cites and relies on *Woodruff* v. *North Bloomfield Gravel Min. Co.,* 18 Fed. 753, and *Indianapolis Water Co.* v. *American S. Co.,* 57 Fed. 1000. Instead of being opposed to anything said by us the two authorities are in accord. In no one of the cases cited by the plaintiff is it held that a public improvement which has been constructed

in a manner not unlawful and for a purpose expressly authorized by law càn be abated as a nuisance. ▮ If, as in this case, by reason of subsequent events any part of the said public improvement becomes out of repair, broken down, or dangerous and for that reason a person is injured, such person has his remedy, but that remedy is not an action to abate the public improvement. It is an action for damages. (Stats. 1923, p. 675; 2 Wood on Nuisances, 3d ed., secs. 753, 757; 21 Am. & Eng. Ency. of Law, 718, note 8; 20 R. C. L. 500, note 7; *Crittenden* v. *Wilson,* 5 Cow. (N. Y.) 167 [15 Am. Dec. 462]; *Eastman* v. *Amoskeag Mfg. Co.,* 44 N. H. 143 [82 Am. Dec. 201, 212, 213]; *Louisville & N. T. Co.* v. *Lellyett,* 114 Tenn. 368 [1 L. R. A. (N. S.) 49, 85 S. W. 881]; *Zimmerman* v. *Gritzmacher,* 53 Or. 206 [21 L. R. A. (N. S.) 299, 98 Pac. 875, 1135]; *Toledo Disposal Co.* v. *State,* 89 Ohio St. 230 [L. R. A. 1915B, 1207, 106 N. E. 6]; *Campbell* v. *Jackman,* 140 Iowa, 475 [27 L. R. A. (N. S.) 288, 118 N. W. 755]; *Pickens* v. *Coal River Boom & T. Co.,* 66 W. Va. 10 [24 L. R. A. (N. S.) 354, 357, 65 S. E. 865, 866].) In the latter case, at page 357, the Supreme Court of West Virginia said: "But for the charter the boom would be a public nuisance, but that makes it a lawful structure as to the state and the public. The state or an individual cannot abate it as a public nuisance; it cannot be indicted as a nuisance. (Citing cases.) An individual affected by a private nuisance may peaceably abate it. (1 Am. & Eng. Ency. Law, p. 79.) But he cannot do so if the work is under charter rights."

Looking at the question from a different angle, we come to the same conclusion. ▮ It is settled law that in the absence of express words to the contrary the state is not included within the general terms of a statute. (*Whittaker* v. *County of Tuolumne,* 96 Cal. 100 [30 Pac. 1016]; *Mayrhofer* v. *Board of Education,* 89 Cal. 110 [23 Am. St. Rep. 451, 26 Pac. 646].) ▮ It may not be sued except it gives its consent. (23 Cal. Jur. 578.) Statutes giving consent will not be construed in favor of a private litigant. (*Berton* v. *All Persons,* 176 Cal. 610 [170 Pac. 151].) ▮ That rule applies to each of the counties as agencies of the state. (*Whittaker* v. *County of Tuolumne, supra.*) The measure of any of those statutes is the measure of the right. If the statutes do not *expressly* include the right to sue

360

one of the counties to abate a nuisance, the power does not exist. (46 C. J. 749, sec. 344; 15 C. J. 569, sec. 273.) Plaintiff has not cited any statute, and we know of none, that expressly gives him the right to maintain this action.
▉ If we view the action as one to recover damages, the complaint is insufficient. The plaintiff's rights are defined, as against these defendants, by chapter 328, page 675, Statutes of 1923. The plaintiff has made no attempt to plead negligence or to plead the amount of his damages, if any.

We find no error in the record. The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 21, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 20, 1930.

All the Justices present concurred.