(No. 5693.   October 7, 1931.)

ALVIN DENMAN, Receiver of the EAST IDAHO GAS COMPANY, Appellant, v. THE CITY OF IDAHO FALLS, a Municipal Corporation, Respondent.

[4 Pac. (2d) 361.]

Coffin & Zener, for Appellant.

Ralph L. Albaugh and James S. Byers, for Respondent.

BUDGE, J.—Appellant brought this action to recover damages for unfair competition under C. S., secs. 2532 and 2544. This appeal is from judgment of dismissal upon sustaining demurrer to fifth amended complaint and refusal of appellant to plead further.

The fifth amended complaint, after alleging the capacity of appellant as receiver and respondent as a municipal corporation sets forth the granting of a franchise on March 14, 1920, by respondent to the predecessor of appellant and the acquisition thereof by the corporation of which appellant is receiver. Such franchise granted the right to acquire and maintain pipes and appurtenances thereto in, under, across, along, through and upon the streets and public places of said respondent city for the purpose of supplying artificial or natural gas, or a mixture thereof, to the said respondent city and its inhabitants for a period of fifty years but restricting the holder of the franchise from selling gas for lighting purposes. The ownership and operation by respondent of a hydro-electric light and power plant and its manufacture and sale of electricity in and about Idaho Falls for lighting, cooking and water heating is alleged. It is also alleged that said respondent city granted said franchise knowingly in contemplation of the construction and operation of a gas manufacturing and distribution plant in Idaho Falls by said East Idaho Gas Company; that said corporation expended in excess of $75,000 for such purpose and commenced the sale and manufacture of gas about January, 1924. The gist of the cause of action is the alleged adoption of an ordinance by respondent city establishing ''an electric tank heater rate for

heating water of $2.00 per month for each one thousand watt capacity of tank heater, effective during the months from April 1st to October 31st of each year, and provided by the terms of said ordinance that only users of electric ranges should be entitled to said flat rate on tank heaters." It is alleged that respondent city thereafter extended said time limit at said rate "until further notice." Appellant avers that such action was taken by respondent "for the purpose of monopolizing the business of selling public utility heat units in the city of Idaho Falls and driving out of business the said East Idaho Gas Company," and that such action was designed to, and actually did, prevent the said East Idaho Gas Company from contracting for the sale of gas in sufficient quantities to pay the cost of operating the said gas manufactured and distributing plant "and was thereby effective for the purpose of monopolizing the business of selling public utility heat units for cooking and heating by the said city of Idaho Falls and of driving out of business the said East Idaho Gas Company." It is alleged that "the cost of manufacturing and distributing electric power and current for cooking and heating purposes" was far in excess of the price at which respondent was selling the same, and that after January 18, 1924, respondent sold electric power and current to the consumers in the city of Idaho Falls "at a price less than the actual cost of the same." The fifth amended complaint concludes with allegations that such actions on the part of respondent were taken in its proprietary capacity and not in its governmental capacity; that they were done for the purpose of creating a monopoly; and that appellant sustained damage in the sum of $75,000.

Appellant assigns as error the action of the court in sustaining said demurrer and in entering judgment of dismissal.

The chief question raised touching the insufficiency of the fifth amended complaint is: Are municipal corporations amenable to the Anti-trust Law (C. S., chap. 116, sec. 2531 et seq.) and was it the intention of the legislature to include municipal corporations therein?

Appellant relies upon the provisions of C. S., secs. 2532 and 2544, as the basis of his action, which sections read respectively as follows:

"Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce, within this state shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding $5000 or by imprisonment not exceeding one year, or by both said punishments, in the discretion of the court."

"Any person who shall be injured in his business or property by any other person or persons by reason of anything forbidden or declared to be unlawful by this chapter may sue therefor in any court of record in this state in the county in which the defendant or defendants reside or are found, without respect to the amount in controversy, and shall recover threefold the damages by him sustained and the costs of suit, including a reasonable attorney's fee."

This court stated in *Swain v. Fritchman,* 21 Ida. 783, 795, 125 Pac. 319, 323:

"It is not our business as a court to deal in any subtle refinements in construing legislative acts, but it is rather our duty to ascertain, if possible, from a reading of the whole act the purpose and intent of the legislature and give force and effect thereto."

C. S., chap. 116, was enacted by the 1911 session of the legislature and no amendments have been made thereto. Therefore the act is subject to be construed as a whole. A careful examination of the act discloses that it was clearly the intention of the legislature that the use of the word "corporation" therein was to be limited to private corporations and not to include municipal corporations and numerous provisions contained therein negative the contention of appellant that it has application to and includes municipal corporations.

For instance, C. S., sec. 2534, provides, among other things, that any corporation selling any article or product at less than its fair market value shall be guilty of a misdemeanor and on conviction thereof shall be punished by fine not

exceeding $5,000. It would be rather an anomaly to hold that a municipality, a subdivision or arm of the state in a criminal proceeding could be penalized by the imposition of the fine such as is provided for in this section.

Again, C. S., sec. 2537, provides that if any corporation twice adjudged guilty of a violation of the provisions of this chapter shall thereafter violate the provisions of said chapter it shall not longer be allowed to engage in business within this state. To uphold appellant's contention a municipal corporation might be dissolved by the action of the court and cease to function as such. While such a statute may be applicable and enforceable against private corporations generally we know of no logical reason that could be urged sustaining the application of such a provision to a municipal corporation.

Still again, C. S., sec. 2537, provides, *inter alia,* that the court may enjoin the officers of such corporation from continuing in its service and enjoin such corporation from continuing their employment therein. If this section has any application to municipal corporations its enforcement might well result in the court enjoining the mayor and city council from acting in their respective capacities as such elected officers. The use of the word "employment" in this section negatives the contention of appellant that such sections have application to municipal corporations. It is too clear for argument that such provisions. can only have application to private corporations.

There are other sections of the act that are equally as inconsistent with appellant's contention as the ones above cited but the foregoing are sufficient to emphasize the conclusion reached. In view of such conclusion it is unnecessary to discuss other questions presented. The trial court did not err in sustaining the demurrer to the fifth amended complaint or in dismissing the action.

The judgment is affirmed. Costs awarded to respondent.

Lee, C. J., and Givens, Varian and McNaughton, JJ., concur.

Petition for rehearing denied.