### WILCOX v. CITY OF IDAHO FALLS.
#### No. 1006.

District Court, N. D. Idaho, E. D.
April 2, 1938.

Anderson, Bowen & Anderson, of Pocatello, Idaho, for plaintiff.

Ralph Albaugh, of Idaho Falls, Idaho, for defendant.

CAVANAH, District Judge.

This action is brought by the plaintiff against the City of Idaho Falls, who alleges that he is a creditor of the East Idaho Gas Company, the owner and holder of a franchise granted by the City on March 14, 1916, to the Company the right to lay and maintain pipes under and upon the streets of the City for the purpose of furnishing artificial gas to the City and its inhabitants for a fifty year period. The relation between the plaintiff and the Company is alleged to be that the plaintiff is the owner and holder of certain bonds and unsecured notes of the Company. The object of the suit is to recover damages based upon the allegations that since February 16, 1916, the City has owned and operated a hydroelectric light and power plant and has and now is manufacturing and selling electricity in and adjacent territory of the City for light, cooking and water heating and that no person, firm or corporation other than the City has been permitted to sell electricity for such purposes in the City; that commencing about April 6, 1917, and since, the City, its Mayor and councilmen, have conspired to destroy the business of the Company for the purpose of monopolizing the same; that the City has cancelled the franchise of the Company which has required it to purchase land outside of the City for the construction of its plant, and has reduced the price of electricity to such extent and manner which has destroyed the company's business and causing a Receiver to take over its property, and its bonds and notes have become valueless, thereby damaging plaintiff in the sum of $75,000.00.

A demurrer has been presented by the City in which it is asserted (a) that the plaintiff has no legal capacity to bring the suit; (b) that the action accrued more than three years and more than four years, relying upon sections 5-218 and 5-224 of the Code of Idaho, and (c) upon the grounds of failure to state a cause of action, of uncertainty, ambiguity and unintelligible. The alleged facts are asserted to give rise to a cause of action under the provisions of Sections 47-101 to 47-117 of the Idaho Code known as the anti-trust law, and special reliance is made under Sections 47-114 and 47-115. The provisions of the Idaho Code are urged to be identical with the Sherman Anti-Trust Act, 26 Stat. 209, 15 U.S.C.A. § 1 et seq.

The material provisions of the Idaho Code are by Section 47-101 which pro-

vides: "Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce, within this state, is hereby declared to be illegal. Every person who shall make any such contract or engage in any such combination or conspiracy shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by fine not exceeding $5,-000 or by imprisonment not exceeding one year, or by both said punishments, in the discretion of the court." And by Section 47-114 which provides: "Any person who shall be injured in his business or property by any other person or persons by reason of anything forbidden or declared to be unlawful by this chapter may sue therefor in any court of record in this state in the county in which the defendant or defendants reside or are found, without respect to the amount in controversy, and shall recover threefold the damages by him sustained and the costs of suit, including a reasonable attorney's fee." And by Section 47-115 which provides: "The word 'person' or 'persons' as used in the sections of this chapter shall be deemed to include all corporations, associations, combinations or concerns whatsoever."

The Supreme Court of the State has had occasion to construe the Idaho Code in the case of Denman v. Idaho Falls, 51 Idaho 118, 4 P.2d 361, and held that the State statute did not apply in an action brought against a municipal corporation, as it is there said in the case where the plaintiff attempted to recover from the city, that (page 362): "A careful examination of the act discloses that it was clearly the intention of the Legislature that the use of the word 'corporation' therein was to be limited to private corporations and not to include municipal corporations, and numerous provisions contained therein negative the contention of appellant that it has application to and includes municipal corporations." Therefore it is urged by the City that the interpretation of the State statute by the highest Court of the State should be adopted as rules of decisions in the Courts of the United States in cases when applicable, and accord the profoundest respect to the conclusion of the State Court unless there is a Federal question involved. While on the other hand, the plaintiff urges that as the Idaho Statute is identical to the Sherman Anti-Trust Act which was interpreted by the Supreme Court of the United States in the case of Chattanooga Foundry

v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241, as including a city, where it is said (page 66): "The city was a person within the meaning of § 7 by the express provision of § 8," and therefore that interpretation having been made prior to the adoption of the Idaho Code and of the Sherman Anti-Trust Act, it is presumed that the legislature of the state adopted that construction. 59 C.J. 1065. If the State law and the national law are identical and at the time the State enacted its law the Supreme Court of the United States had prior thereto interpreted the National law, such interpretation should be followed by the Federal Courts. 59 C. J. 1065. This then brings us first to a comparison of the National and local laws. By Section 7 of the Sherman Anti-Trust Act, 26 Stat. 210, 15 U.S.C.A. § 15, it is provided: "Any person who shall be injured in his business or property [by any other person or corporation] by reason of anything forbidden [or declared to be unlawful by this act], may sue therefor in any circuit court of the United States in the district in which the defendant resides or is found, * * * without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee." And by Section 8 of that Act, 15 U.S.C.A. § 7, where a "person" is defined in the Act as: "That the word 'person,' or 'persons,' wherever used in this act shall be deemed to include corporations and associations existing under or authorized by the laws of either the United States, the laws of any of the Territories, the laws of any State, or the laws of any foreign country."

Having then considered these sections of the National and Local laws which are the provisions governing the principal question here in determining the right of the plaintiff to sue the City, we find from an analysis of them, that Section 7 of the National law and Section 47-114 of the local law are different in language as the National law gives the right to sue any "other person or corporation" while the local law limits the right to sue any "other person or persons" and Section 8 of the National law defines "persons" to include corporations and associations existing under the laws of the United States or of any State, and Section 47-115 of the local law defines "persons" to include "all corporations, associations, combinations, or concerns whatsoever."

The inquiry then arises, is the local law as broad as the National law in giving the right to a person to sue a *Municipal corporation?* It would seem not, after considering the interpretation of the word "person" by the Supreme Court of the State where it is held that the word "person" does not include municipal corporations. While Section 8 of the National law defines the word "person" to include corporations and associations existing under or authorized by the laws of the United States or the laws of any State. The difference being that the word "person" found in the local laws is confined to include corporations without including corporations and associations existing under or authorized by either the laws of the United States or any State as defined in the National law and therefore reason can exist as to why the State Supreme Court confined the interpretation of the word "person" to other corporations than municipal and why the Supreme Court of the United States interpreted the National law as to include any corporation existing under or authorized by any laws of a State, as the National law seems broader in language for it includes any corporation or association existing under or authorized by the laws of any state, which would include all corporations whether private or public. Ordinarily the word "corporations" does not include "municipal" corporations unless such construction is made imperative from the context of the statute. Switzer v. City of Wellington, 40 Kan. 250, 19 P. 620, 10 Am.St.Rep. 196. If the Statute does not expressly include the right to sue a municipal corporation the power does not exist. Liebman v. Richmond et al., 103 Cal.App. 354, 284 P. 731. Neither the Government nor political subdivisions not included in the general wording of the statute are affected thereby unless it be clear and indisputable from the contents of the statute or that it be expressly included in the text of the statute before it would be subject to its terms. Whittaker v. County of Tuolumne, 96 Cal. 100, 30 P. 1016. It is apparent from the provisions of the State statute that the legislature did not intend to include municipal corporations for it is there provided that every corporation which sells any product or article at less than its fair market value shall be guilty of a misdemeanor and subject to a fine of not more than $5000, and if twice found guilty it shall no longer be allowed to engage in business and if it shall after January 1, 1912, engage in business in violation of the Statute for each offense by a fine of not more than $5000 and for contempt of court and the court may enjoin the officers of the corporation from continuing in its service.

Thus it will be seen that if such statute applies to a municipal corporation the city would be deprived of its governing body. Such circumstances was not intended to be created by the legislature.

In view of the conclusion thus reached that the local anti-trust statute under which the action is brought does not apply to the defendant City, it becomes unnecessary to consider the other questions presented by the demurrer and therefore the demurrer will be sustained.